UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIN LAUGHON, | Case No. 3:25-cv-05588-TMC |
| Plaintiff, | ORDER ON PLAINTIFF'S COMPLAINT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges the Administrative Law Judge ("ALJ") erred by finding Plaintiff was not disabled. Dkt. 11.

After considering and reviewing the record, the Court concludes the ALJ erred in finding Plaintiff not disabled. The Court accordingly REVERSES the Commissioner's final decision and REMANDS the case for further proceedings.

**I.   PROCEDURAL HISTORY**

Plaintiff's application for DIB pursuant to 42 U.S.C. § 423 (Title II) and SSI pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. Administrative Record ("AR") 227–53. Plaintiff's first hearing was held before ALJ Thomas Auble ("ALJ Auble") on May 18, 2023. AR 71–107. On June 27, 2023, ALJ Auble issued a

ORDER ON PLAINTIFF'S COMPLAINT - 1

written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 182–205. On January 17, 2024, the Appeals Council ("AC") reversed the decision based in part on ALJ Auble's inconsistent findings regarding how long Plaintiff could stand or walk during a workday. AR 206–11.

A second hearing was held before ALJ Mark Triplett ("the ALJ") on September 4, 2024. AR 44–70. The ALJ issued a new decision on September 26, 2024, finding Plaintiff not disabled. AR 14–43. Plaintiff appealed the ALJ's decision, filing a complaint in this Court on July 7, 2025. Dkt. 1. Defendant filed the sealed administrative record on September 8, 2025. Dkt. 6. Both parties have submitted additional briefing on the issues. Dkts. 11, 13.

## II.    BACKGROUND

Plaintiff was born in September 1986 and was 34 years old on the alleged date of disability onset of December 13, 2020. AR 36, 110. Plaintiff has a high school education and most recently worked as a supervisor in a warehouse in 2020. AR 36, 468. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of Ménière's disease, gastroesophageal reflux disease ("GERD"), anxiety disorder, and substance use disorder. AR 20. However, the ALJ found Plaintiff was not disabled because he had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery; cannot operate a motor vehicle as any part of job duties; can perform simple, routine tasks; and can tolerate occasional, superficial contact with coworkers and the general public.

AR 22.

## III.    DISCUSSION

ORDER ON PLAINTIFF'S COMPLAINT - 2

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). In Plaintiff's opening brief, Plaintiff raises the following issues: whether the ALJ properly evaluated (1) the medical opinion of Dr. Louis Enkema; and (2) Plaintiff's testimony. Dkt. 11 at 2.

**A.    The November 2021 opinion of Dr. Louis Enkema**

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit recently held that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id*. at 787.

Dr. Louis Enkema conducted a consultative examination of Plaintiff on November 20, 2021. AR 895–901. Dr. Enkema noted Plaintiff's history of sudden vertigo, nausea, hearing loss, and headaches caused by Ménière's disease. Dr. Enkema observed that Plaintiff had normal range of motion in all areas, that Plaintiff's gait was normal, and that Plaintiff maintained 5/5 motor strength in all extremities. AR 896–98. He concluded that Plaintiff could stand for two to three hours, walk for 3 hours, sit for four hours at one time, frequently lift 25 pounds, and could frequently climb, balance, stoop, kneel, crouch, and crawl. AR 899–901.

ORDER ON PLAINTIFF'S COMPLAINT - 3

Critically, Dr. Enkema also opined that Plaintiff suffered significant symptoms during acute episodes of Ménière's disease. AR 899. Specifically, Plaintiff would experience "dizziness and vertigo with hearing loss and drowsiness during an acute episode. Symptoms are sufficiently disabling that he must lie down and rest." AR 900. Dr. Enkema continued:

> there is no cure for Meniere's disease and no way to predict acute episodes or their severity. Initially there was a period of 1.5- 2 years between the first two attacks. Now episodes with acute symptoms have become much more frequent (up to 4- 5 times per week) requiring him to lie down for hours at a time and preventing him from being able to work. With acute attacks he experiences other symptoms as well including nausea and anxiety.

AR 900. Addressing Dr. Enkema's conclusion that "dizziness and vertigo from Ménière's disease are 'sufficiently disabling' during acute periods that the claimant 'must lie down and rest,'" the ALJ found this "vague and too non-specific for Social Security's determinations as Dr. Enkema does not specify the claimant's maximum ability to perform work-related activities." AR 31 (quoting AR 900).

Plaintiff argues the ALJ erred in disregarding this portion of Dr. Enkema's opinion, pointing to the vocational expert's testimony that lengthy work breaks "outside the three typically allowed work breaks" would "not be tolerated by the vast majority of employers, if any, in the national labor market." Dkt. 11 at 5 (citing AR 103). The Commissioner responds that Dr. Enkema's opinion "did not explain how [Plaintiff's symptoms] precluded work activity, and 'lie down and rest' lacked specificity, stating neither frequency nor duration." Dkt. 13 at 6–7.

Relevant here is *Patricia T. v. Comm'r of Soc. Sec.*, No. 1:17-CV-00912-MC, 2018 WL 4610053, at \*2 (D. Or. Sept. 25, 2018), *aff'd sub nom. Thomas v. Saul*, 796 F. App'x 923 (9th Cir. 2019). In *Patricia T.*, the ALJ gave great weight to most of an opinion but gave no weight to a portion about the plaintiff's need for an "understanding supervisor." *Id*. at \*3. The district court affirmed, finding this requirement was "not a proper functional assessment of a work limitation"

ORDER ON PLAINTIFF'S COMPLAINT - 4

and "simply too vague and unquantifiable to incorporate into the claimant's RFC or into a VE hypothetical." *Id*. at *4; *see also Alyssa N. v. Comm'r of Soc. Sec.*, No. 3:22-CV-05772-GJL, 2023 WL 4418548, at *4 (W.D. Wash. July 10, 2023) (affirming ALJ's rejection of "additional time for project work" as vague).

In contrast, a requirement for Plaintiff to "lie down and rest" is well-suited "to the inherently quantitative analysis of a claimant's RFC as well as to the analysis at Step Five of the sequential evaluation." *See Patricia T.*, 2018 WL 4610053, at *4 (quoting *Garifalakis v. Berryhill*, No. 3:16-CV-01051-BR, 2017 WL 2608542, at *10 (D. Or. June 15, 2017)). Contrary to the Commissioner's assertions, Dr. Enkema specified both the frequency and the duration of Plaintiff's acute episodes of Ménière's disease—they occur up to four or five times per week and require Plaintiff to lie down for hours at a time. AR 900. This finding was not vague, and the ALJ erred by disregarding it on that basis.[1]

Nor was the ALJ's error harmless, as the ALJ limited Plaintiff to light work, AR 22, and "it is quite clear that a limitation to light work does not generally include the need to lie down during the workday." *Norton v. Astrue*, No. 3:10-CV-05500-BHS, 2011 WL 1790654, at *10 (W.D. Wash. Apr. 13, 2011), *report and recommendation adopted*, No. C10-5500BHS, 2011 WL 1772213 (W.D. Wash. May 10, 2011); *see* 20 C.F.R. § 404.1567(b) (defining light work); Social Security Ruling ("SSR") 83–10 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").

---

[1] The Court agrees that the ALJ need not consider Dr. Enkema's statement that Plaintiff's symptoms were "sufficiently disabling" to the extent it offered a legal opinion on Plaintiff's disability. AR 31; Dkt. 13 at 8. The full statement, however, concerns Plaintiff's acute episodes of Ménière's disease, when "[s]ymptoms are sufficiently disabling that he must lie down and rest." AR 900. This is a work-related limitation that the ALJ must address, rather than a legal opinion that he is free to ignore.

ORDER ON PLAINTIFF'S COMPLAINT - 5

Accordingly, the ALJ erred by rejecting Dr. Enkema's finding that Plaintiff would need to lie down during acute episodes of Ménière's disease.

**B.    Plaintiff's testimony**

Plaintiff also objects to the ALJ's assessment of Plaintiff's hearing testimony. Dkt. 11 at 2–5. The Court has reviewed Plaintiff's remaining arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

**IV.    CONCLUSION**

Based on these reasons and the relevant record, the Commissioner's final decision is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 27th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PLAINTIFF'S COMPLAINT - 6